# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                 CR No. 00-1424 JC

ROBERT RAMIREZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant, Robert Ramirez', Motion for Judgment of Acquittal, filed March 22, 2002 (*Doc. 321*). Having reviewed the motion, memoranda and the relevant authorities, the Court finds that the motion is not well taken, and it is, therefore, denied.

**I.**     **Background**

On March 13, 2002, after a seven day trial, a jury found Robert Ramirez guilty of Conspiracy to Manufacture and Possession with Intent to Distribute 500 grams and more of Methamphetamine, 100 kilos and more of marijuana, and less than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (Count I); and Attempted Possession with Intent to Distribute over 50 grams of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) (Count II). Defendant Ramirez now brings this present motion seeking a judgment of acquittal, arguing that there was insufficient evidence for a rational jury to find him guilty beyond a reasonable doubt on both counts. The facts,

however, belie this assertion.

## II. Discussion

This Court reviews the evidence in the light most favorable to the government to determine whether a rational trier of fact could have found Defendant guilty beyond a reasonable doubt. *See United States v. Powell*, 982 F.2d 1422, 1430 (10th Cir. 1992). Moreover, the Court resolves credibility decisions in favor of the jury's verdict. *See id.* Only if the evidence does little more than hint at guilt will this Court refuse to sustain a conviction. *See id.* The Defendant, thus, has an uphill battle to fight in order to demonstrate that the jury improperly convicted him.

### A. Attempted Possession

To demonstrate attempted possession with intent to distribute methamphetamine, the government must prove two elements: 1) that the Defendant intended to commit the crime of possession with intent to distribute, and 2) that he committed an act that constitutes a substantial step towards the commission of the underlying offense. *United States v. Smith*, 264 F.3d 1012, 1015 (10th Cir. 2001). A substantial step inquiry is a factual one that looks for an act that goes beyond mere preparation. *See id.* at 1016. Although the semantical distinction between preparation and attempt continues to elude courts, a generally accepted definition holds that the act "must be [] adapted to, approximating, and which in the ordinary and likely course of things, will result in the commission of the particular crime." *Id.* Preparation alone is, thus, not sufficient to rise to the level of a substantial step. *See United States v. Monholland*, 607 F.2d 1311, 1318 (10th Cir. 1979).

Before discussing the facts of the case, the Court notes that at trial it instructed the jury regarding the definition of a substantial step. Specifically, the instruction states:

> The "substantial step" required to establish an attempt must be

> something beyond mere preparation. It must be an act adapted to approximating, and which in the ordinary and likely course of things, will result in the commission of the particular crime. A substantial step is an appreciable fragment of a crime and an action of such substantiality that, unless frustrated, the crime would have occurred.

*United States of America v. Arturo Natera, et al.,* CR No. 00-1424, Jury Instruction 8F. This instruction appraised the jury of the requirements necessary for them to find that Defendant's actions went beyond mere preparation. As such, each jury member was fully aware of what was necessary for the jury to find that a substantial step occurred. Furthermore, Defendant has never objected to this or any other jury instruction.

In the present case, the jury heard testimony regarding the acts that constituted Defendant's intent and the substantial steps he took in attempting to possess with intent to distribute Methamphetamine. These facts are as follows:

On July 24, 2000, Defendant Ramirez met with Agent Mora at Tijuana's Restaurant and, after speaking with his connect named "Art," negotiated a sale of one-half pound of Methamphetamine. The parties agreed to meet later at Miguel's Restaurant, and Defendant Ramirez said he would be in touch with Agent Mora regarding the transaction. When Defendant Ramirez telephoned, he informed Agent Mora that the transaction would take place at a motel. Due to security concerns, however, Agent Mora did not go to the motel as scheduled. As a result, neither he nor anyone else could testify to witnessing whether or not Defendant Ramirez showed up at the motel with the Methamphetamine.

These facts alone obviously are insufficient to charge Defendant with attempted possession with intent to distribute. The jury, however, also heard a taped telephone conversation between two people identified as Arturo Natera ("Art") and Robert Ramirez. In the conversation, the jury unmistakably heard Arturo ask Defendant whether he remembered "that guy...that I told you to go

to the hotel...that...that day." Defendant Ramirez replied saying "oh...yeah...that bastard who did me wrong." During this conversation Defendant said that he thought the man's name was Becerra or Barraza. Yet, soon after, Ramirez remembers and tells Natera "no...no... the guy with whom he was that day when I went to talk to him...at Tijuana's."

The Court agrees with the government that this conversation sufficiently demonstrates that Defendant Ramirez attempted to possess Methamphetamine, as Ramirez specifically recollects his meeting at Tijuana's where he agreed to sell Agent Mora a set quantity of drugs. Moreover, the tape adequately represents that Defendant Ramirez attempted to distribute Methamphetamine, but the act was frustrated due to Agent Mora's decision not to meet at the motel. "It is said that some appreciable fragment of the crime must have been committed. It must have progressed to a point where it will be consummated unless interrupted." *United States v. Monholland*, 607 F.2d at 1319 (10th Cir. 1979). In this case, the tape adequately indicates that Defendant Ramirez went to the motel with the specific intention of meeting, and subsequently distributing, Methamphetamine to Agent Mora. Moreover, the only reason why the transaction was not consummated was due to Agent Mora's decision not to go, which in turn, interrupted the transaction. The Court, therefore, finds that the jury had sufficient grounds upon which to find Defendant Ramirez guilty beyond a reasonable doubt of possession with intent to distribute Methamphetamine.

### B. Conspiracy

A defendant may be found guilty of conspiracy to possess with intent to distribute if the government proves that: (1) the defendant was in agreement with another person to violate the law; (2) the defendant had knowledge of the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily became a part of it; and (4) the alleged coconspirators were

4

interdependent. *United States v. Rahseparian*, 213 F.3d 1257, 1262 (10th Cir. 2000). A jury may find interdependence if the government shows that the defendant's actions "facilitated the endeavors of the other coconspirators or facilitated the venture as a whole." *United States v. Powell,* 982 F.2d at 1429 (10th Cir. 1992). "Casual transactions with persons involved in a conspiracy are insufficient to establish" that the defendant was a member of the conspiracy. *Id.* A defendant's connection with the conspiracy, however, need only be minimal so long as the government can show that the defendant was a knowing participant. *See id.* As a knowing participant, though, the defendant's actions must have constituted an "essential and integral" step towards the common, illegal goal. *See United States v . Edwards*, 69 F.3d 419, 432 (10th Cir. 1995).

Viewing the evidence in the light most favorable to the government, this Court finds that Defendant Ramirez' claim that the government did not present to the jury sufficient evidence that would permit a reasonable inference that he was involved in a conspiracy to manufacture and possession with intent to distribute is without merit. The essential facts are as follows:

Jeannine Sena, a co-defendant who pled and agreed to testify, stated upon examination that Defendant Ramirez and Marcos Natera drove from Roswell to Albuquerque on two separate occasions to obtain narcotics from her and deliver them to Arturo Natera. Defendant Ramirez argues that because there is no direct evidence that he knew of the purpose of the trips to Albuquerque, the government cannot prove that he was part of a conspiracy to sell narcotics. Such a claim, however, fails in light of the government's evidence.

First, as discussed previously, there is substantial evidence demonstrating that Defendant Ramirez spoke with Arturo Natera regarding the sale of one-half pound of Methamphetamine to Agent Mora and later attempted to go to the motel to knowingly and voluntarily deliver the drugs.

5

Second, Jeannine Sena testified that she overheard Arturo Natera tell Defendant Ramirez to deliver drugs to various individuals and to collect money from previous transactions. Finally, Ms. Sena also testified that during one of the trips to Albuquerque she became angry at Defendant Ramirez and Marcos Natera, for when she attempted to physically hand them the cocaine, they refused to take it, for they wanted to first go to a strip club. Such testimony meets the four elements of the test, as it indicates that Defendant Ramirez was in agreement with Arturo Natera to violate the law; that Defendant had knowledge of the objectives of the conspiracy; that Defendant was a knowing and voluntary participant; and finally that Defendant Ramirez was an interdependent member of the conspiracy.

Obviously, most of the government's key evidence came from the testimony of Jeannine Sena, a co-defendant who agreed to testify. Although Ms. Sena's testimony is sufficient to find Defendant guilty beyond a reasonable doubt, the Court instructed the jury regarding the weight it should give to a co-defendant's testimony. Specifically, the instruction states:

> An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

*United States of America v. Arturo Natera, et al.,* CR No. 00-1424, Jury Instruction 7D (quoting 5th Circuit Pattern Jury Instruction 1.15 (2001) (citations omitted)). Therefore, although the jury should have been wary of Ms. Sena's testimony, this Court finds that the jury had sufficient

justification for finding Defendant Ramirez guilty beyond a reasonable doubt.

## III. Conclusion

Defendant's motion for judgment of acquittal is not well taken, for he has not adequately demonstrated to this Court that the jury's verdict should be overturned. First, the government has shown upon a proper factual basis that Defendant Ramirez had the necessary intent to possess with the intent to distribute, and that his actions constituted the requisite substantial step. Second, primarily due to the testimony of Jeannine Sena, the government provided the jury with sufficient evidence that Defendant Ramirez was a knowing and voluntary member of a conspiracy to traffic narcotics.

Wherefore,

**IT IS ORDERED** that Defendant Robert Ramirez' Motion for Judgment of Acquittal is **DENIED**.

DATED May 13, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Government:

    Renee L. Camacho, AUSA
    Las Cruces, New Mexico

Attorney for Defendant:

    Bernadette Sedillo, Esq.
    Las Cruces, New Mexico